**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEVIN JOHNSON, ) <br> ) <br> Defendant. ) <br> ) | Case No. 09-20125-CM (Criminal) <br> Case No. 12-2646-CM (Civil) |

## MEMORANDUM AND ORDER

Defendant filed a pro se motion under 28 U.S.C. § 2255 arguing that he received ineffective assistance of counsel during the negotiation of his plea agreement (Doc. 61). In response, the government filed a motion to enforce the waiver in the May 3, 2010 conditional plea agreement (Doc. 66). Also pending before the court is defendant's motion to appoint counsel and for an evidentiary hearing (Doc. 67) and defendant's motion for oral argument (Doc. 75). For the following reasons, the court denies each motion.

**Factual Background**

In 2009, defendant was indicted for possession with intent to distribute more than fifty (50) grams of methamphetamine. After this court denied his suppression motion, defendant entered a conditional plea agreement that allowed him to appeal the suppression issue and allowed the government to seek one—instead of two—sentencing enhancements. This court sentenced defendant to 240 months' imprisonment. Without the sentencing enhancement, his guideline sentencing range would have been 70 to 87 months. The Tenth Circuit subsequently affirmed the denial of the suppression motion.

-1-

**Motion to Enforce Waiver**

The court first addresses the government's motion to enforce the waiver in the May 3, 2010 conditional plea agreement. The court applies the three-part analysis announced by the Tenth Circuit in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). First, the court applies normal contract principles and determines whether the disputed issue is within the scope of the waiver. *Id.* In his plea agreement, defendant waived "any right to challenge a sentence . . . in any collateral attack, including . . . a motion brought under Title 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] . . . ." (Doc. 35 at 8.) *Cockerham* allows a defendant to assert in a § 2255 petition that his counsel was ineffective so long as the claim relates to the negotiation of the plea agreement. 237 F.3d at 1187.

Defendant argues in his § 2255 motion that his trial counsel was ineffective during plea negotiations because trial counsel did not propose a plea agreement that prevented the government from seeking any sentencing enhancements. This claim is within the scope of *Cockerham* and, therefore, outside the scope of the waiver. The government's motion fails the first step of *Hahn*, so the court denies it.

**Motion Under 28 U.S.C. § 2255**

The court next addresses the merits of defendant's motion under 28 U.S.C. § 2255. To prevail on his ineffective assistance of counsel claim, defendant must demonstrate that (1) his trial counsel's conduct fell below an objective standard of reasonableness, and (2) defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). If he is unable to demonstrate either prong, his claim fails. *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

Defendant has not shown prejudice because he has neither alleged nor shown that the government would have agreed to a plea that prevented it from seeking any sentencing enhancements.

*See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (affirming denial of § 2255 motion because "[h]e alleges no facts that would suggest that his attorney could have successfully negotiated a plea agreement" that preserved the rights requested by the defendant). Likewise, defendant has neither alleged nor shown that he would have rejected his conditional plea and accepted an unconditional plea that included no sentencing enhancements. Because he failed to adequately allege prejudice, his ineffective assistance of counsel claim lacks merit. *See id.* at 1214 ("The more general test set forth in [*Missouri v. Frye*, 132 S. Ct. 1399 (2012)] is whether the defendant can show a reasonable probability that the end result of the criminal process would have been more favorable to the defendant in the absence of counsel's deficiencies.") (internal quotation and citation omitted).

Defendant also has not shown deficient performance. Defendant's trial counsel submitted an affidavit confirming that he did not discuss a plea agreement that prevented the government from seeking sentencing enhancements. But trial counsel explains that he believed the suppression issue to be a close question and a successful appeal would have resulted in dismissal of the charge. Therefore, he counseled defendant to enter a conditional plea agreement. This information indicates that trial counsel made a tactical decision to only approach the government about a conditional plea. Although ultimately unsuccessful, this appears to be a reasonable conclusion based on a sound strategy. *See Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (explaining that an attorney's performance is constitutionally deficient when it is "completely unreasonable, not merely wrong") (internal quotation omitted).

Upon review, it appears to this court that defendant risked a higher term of imprisonment in exchange for the chance to get the entire case dismissed. This risk turned out poorly for defendant, and now he regrets the bargain. But this is an insufficient factual basis to grant his motion under 28 U.S.C. § 2255. This motion is denied.

**Remaining Motions**

Finally, the court addresses the remaining motions. Defendant moves for oral argument on the government's motion to enforce. The court exercises its discretion and determines that oral argument is not necessary and would not aid in the disposition of that motion. D. Kan. Rule 7.2. This motion is denied. Defendant also moves for an evidentiary hearing on his 28 U.S.C. § 2255 motion and for the court to appoint counsel. Since filing this motion, defendant has retained counsel. In addition, an evidentiary hearing is not warranted because defendant's motion is resolvable solely on the basis of the existing record and does not require resolution of any disputed issues of material fact. 28 U.S.C. § 2255(b). The court denies this motion.

**Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and citation omitted). For the reasons explained above, defendant has not made this showing. Therefore, the court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. 61) is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Enforce Waiver Of Collateral Attack (Doc. 66) is denied.

**IT IS FURTHER ORDERED** that defendant's motion to appoint counsel and conduct an evidentiary hearing (Doc. 67) is denied.

**IT IS FURTHER ORDERED** that defendant's motion for oral argument (Doc. 75) is denied.

Dated this 6th day of February, 2013, at Kansas City, Kansas.

        _s/ Carlos Murguia_____
        **CARLOS MURGUIA**
        United States District Judge