IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-20125-CM (Criminal) |
| v. ) | Case No. 12-2646-CM (Civil) |
| ) | |
| KEVIN JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On February 6, 2013, this court entered an order denying defendant's 28 U.S.C. § 2255 motion because defendant had not demonstrated that his trial counsel was constitutionally ineffective. The court also denied defendant's request for an evidentiary hearing. Currently before the court is defendant's motion to alter or amend the February 6, 2013 order pursuant to Federal Rule of Civil Procedure 59(e) and District of Kansas Rule 7.3 (Doc. 77).

Before examining the merits of defendant's motion, the court must consider its jurisdiction. The court has jurisdiction to resolve a "true" Rule 59(e) motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (describing the difference between a second or successive habeas petition and a "true" motion under Federal Rule of Civil Procedure 60(b)); *see also United States v. Cobb*, 307 F. App'x 143, 144–45 (10th Cir. 2009) (explaining the relationship between Rule 60(b) and Rule 59(e) motions). These motions only challenge the district court's ruling on procedural issues such as the statute of limitations or a procedural bar. *Spitznas*, 464 F.3d at 1216.

But the court lacks jurisdiction to consider a Rule 59(e) motion that—in reality—is a second or successive 28 U.S.C. § 2255 motion absent certification from the Tenth Circuit. *Id.* These types of motions attack the merits of the court's disposition of the prior habeas proceeding. *See id.* (explaining that such motions seek to present new evidence to advance the merits of a previously-denied claim).

In his motion, defendant argues that several of the court's conclusions "require[] suppositions of fact that are not supported by facts in the record" and that development of a complete record at an evidentiary hearing will "contradict those suppositions." (Doc. 78 at 2.) These arguments are clearly a merits-based attack on the court's resolution of defendant's original 28 U.S.C. § 2255. As such, defendant's motion is properly characterized as a second or successive motion. Because the Tenth Circuit has not certified this motion, the court lacks jurisdiction to consider it.[1]

The court may dismiss this motion or, if in the interest of justice, transfer the matter to the Tenth Circuit under 28 U.S.C. § 1631. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Dismissal is appropriate in this case. *See id.* at 1251 (outlining factors the district court should consider in deciding whether transfer is appropriate). A second or successive motion is only permitted in the two situations outlined in 28 U.S.C. § 2255(h). Defendant's current motion does not assert a claim that satisfies either situation. In addition, defendant's motion appears to lack merit. To the extent necessary, the court also denies a certificate of appealability because defendant's current motion fails to satisfy the standard in *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**IT IS THEREFORE ORDERED** that defendant's Motion to Alter or Amend Judgment (Doc. 77) is dismissed for lack of jurisdiction. The court denies a certificate of appealability.

Dated this 12th day of March, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge

---

[1] Even if the court treated defendant's motion as a true Rule 59(e) motion, the court would deny it. Defendant repeatedly argues that absent an evidentiary hearing, he did not have access to the facts required to support his claims. This ignores Rule 6 of the Rules Governing § 2255 Proceedings, which provides a mechanism for discovery. Therefore, this argument is unavailing. Defendant also argues that the court should have liberally construed his pro se pleading to include the allegation that—had he known all the facts—he would have rejected the plea and proceeded to trial. The court is always mindful of the obligation to broadly construe a pro se litigant's pleadings even if this is not expressly stated in the court's opinion. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). The court applied this principle to defendant's motion. But this generous review stops short of inserting factual allegations or crafting arguments on defendant's behalf. *Id.*